**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

ALFONSO CHAVEZ,
*on behalf of himself, FLSA Collective Plaintiffs*
*and the Class,*

      Plaintiff,

      v.

PATRIZIA'S RESTAURANT GROUP LLC
   d/b/a PATRIZIA'S,
PATRIZIA OF LONG ISLAND INC.
   d/b/a PATRIZIA'S,
PATRIZIA OF LONG ISLAND 2 LLC
   d/b/a PATRIZIA OF LONG ISLAND,
PATRIZIA'S OF MASPETH LLC
   d/b/a PATRIZIA'S,
PATRIZIA'S OF 2ND AVENUE LLC
   d/b/a PATRIZIA'S,
PATRIZIAS OF STATEN ISLAND LLC
   d/b/a PATRIZIAS OF STATEN ISLAND,
FAMILY GROUP ENTERPRISES, INC.
   d/b/a PATRIZIA PIZZA & PASTA,
SPM GROUP, LLC
   d/b/a PATRIZIA'S OF LONG ISLAND,
GENNARO ALAIO, and
GIACOMO ALAIO,

      Defendants.

---

Case No.: 1:20-cv-1430

**CLASS AND COLLECTIVE**
**ACTION COMPLAINT**

Jury Trial Demanded

   Plaintiff, ALFONSO CHAVEZ (herein, "Plaintiff"), on behalf of himself and others

similarly situated, by and through his undersigned attorneys, hereby files this class and collective

action Complaint against Defendants, PATRIZIA'S RESTAURANT GROUP LLC d/b/a PATRIZIA'S, PATRIZIA OF LONG ISLAND INC. d/b/a PATRIZIA'S, PATRIZIA OF LONG ISLAND 2 LLC d/b/a PATRIZIA OF LONG ISLAND, PATRIZIA'S OF MASPETH LLC d/b/a PATRIZIA'S, PATRIZIA'S OF 2ND AVENUE LLC d/b/a PATRIZIA'S, PATRIZIAS OF STATEN ISLAND LLC d/b/a PATRIZIAS OF STATEN ISLAND, FAMILY GROUP ENTERPRISES, INC. d/b/a PATRIZIA PIZZA & PASTA, SPM GROUP, LLC d/b/a PATRIZIA'S OF LONG ISLAND, ("Corporate Defendants"), GENNARO ALAIO, and GIACOMO ALAIO ("Individual Defendants," and together with Corporate Defendants, "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid overtime (2) liquidated damages, and (3) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid spread of hours premium, (3) statutory penalties, (4) liquidated damages and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, ALFONSO CHAVEZ, is a resident of Kings County, New York.

6. Corporate Defendant, PATRIZIA'S RESTAURANT GROUP LLC, is a domestic limited liability company organized under the laws of the State of New York with an address for service of process at Patrizia's Restaurant Group LLC, 18 Sunlit Trail, Cortlandt Manor, NY 10567, and principal place of business located at Patrizia's of Long Island, 358 Vanderbilt Motor Pkwy, Hauppauge, NY 11788.

7. Corporate Defendant, PATRIZIA OF LONG ISLAND INC., is a domestic business corporation organized under the laws of the State of New York with an address for service of process and principal place of business at Patrizia of Long Island Inc. c/o Andrew W. Golub, 300 Division Avenue, Hicksville, NY, 11801.

8. Corporate Defendant, PATRIZIA OF LONG ISLAND 2 LLC, is a domestic limited liability company organized under the laws of the State of New York with an address for service of process at Patrizia of Long Island 2 LLC, 300 Division Avenue, Hicksville, NY, 11801, and principal place of business located at Patrizia of Long Island, 4913-4915 Merrick Road, Massapequa Park, NY 11762.

9. Corporate Defendant, PATRIZIA'S OF MASPETH LLC, is a domestic limited liability company organized under the laws of the State of New York with an address for service of process and principal place of business at Patrizia's of Maspeth LLC c/o Louis Maschi, 462-466 Second Ave, New York, NY 10016.

10. Corporate Defendant, PATRIZIA'S OF 2ND AVENUE LLC, is a domestic limited liability company organized under the laws of the State of New York with an address for service of process and principal place of business at Patrizia's of 2nd Avenue LLC c/o Dean Christodoulou, 462-466 Second Ave, New York, NY 10016.

11.     Corporate Defendant, PATRIZIAS OF STATEN ISLAND LLC, is a domestic limited liability company organized under the laws of the State of New York with an address for service of process at Patrizias of Staten Island LLC, 793 Troy Court, Brick, NJ 08724, and principal place of business located at Patrizias of Staten Island, 4255 Amboy Road, Staten Island, NY 10308.

12.     Corporate Defendant, FAMILY GROUP ENTERPRISES, INC., is a domestic business corporation organized under the laws of the State of New York with an address for service of process and principal place of business at Family Group Enterprises Inc., 35 Broadway, Brooklyn, NY 11211.

13.     Corporate Defendant, SPM GROUP, LLC, is a domestic limited liability company organized under the laws of the State of New York with an address for service of process and principal place of business at Corporation Service Company, 80 State Street, Albany, NY 12207.

14.     Individual Defendant GENNARO ALAIO is one (1) of the two (2) key principals and owner of all Corporate Defendants. GENNARO ALAIO exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs, and Class Members. GENNARO ALAIO had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee work schedules, and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs, and Class Members. At all relevant times, employees could complain to GENNARO ALAIO regarding any of the terms of their employment, and GENNARO ALAIO would have the authority to effect any changes to the quality and terms of their employment. GENNARO ALAIO ensured that employees effectively served customers and exercised functional control over the business and financial

4

operations of Corporate Defendants. GENNARO ALAIO had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class Members and could reprimand employees.

15. Individual Defendants GIACOMO ALAIO is one (1) of the two (2) key principals and owner of all Corporate Defendants. GIACOMO ALAIO exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs, and Class Members. GIACOMO ALAIO had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee work schedules, and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs, and Class Members. At all relevant times, employees could complain to GIACOMO ALAIO regarding any of the terms of their employment, and GIACOMO ALAIO would have the authority to effect any changes to the quality and terms of their employment. GIACOMO ALAIO ensured that employees effectively served customers and exercised functional control over the business and financial operations of Corporate Defendants. GIACOMO ALAIO had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class Members and could reprimand employees.

16. At all relevant times, Defendants, PATRIZIA'S RESTAURANT GROUP LLC d/b/a PATRIZIA'S, PATRIZIA OF LONG ISLAND INC. d/b/a PATRIZIA'S, PATRIZIA OF LONG ISLAND 2 LLC d/b/a PATRIZIA OF LONG ISLAND, PATRIZIA'S OF MASPETH LLC d/b/a PATRIZIA'S, PATRIZIA'S OF 2ND AVENUE LLC d/b/a PATRIZIA'S, PATRIZIAS OF STATEN ISLAND LLC d/b/a PATRIZIAS OF STATEN ISLAND, FAMILY GROUP ENTERPRISES, INC. d/b/a PATRIZIA PIZZA & PASTA, SPM GROUP, LLC d/b/a

PATRIZIA'S OF LONG ISLAND, each was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and NYLL and the Regulations thereunder.

17.     Defendants operate or operated a number of restaurants under the trade name "Patrizia's" throughout New York and New Jersey, including twelve (12) locations at:

      a. "Patrizia's" - 358 Vanderbilt Motor Pkwy, Ground Floor, Hauppauge, NY 11788;

      b. "Patrizia's" - 1040 S Broadway, Ground Floor, Hicksville, NY 11801;

      c. "Patrizia's" - 462-466 2nd Ave, Ground Floor, New York, NY 10016;

      d. "Patrizia's" - 69-35 Grand Ave, Ground Floor, Maspeth, NY 11378;

      e. "Patrizia's" - 4913 Merrick Rd, Ground Floor, Massapequa Park, NY 11762;

      f. "Patrizia's" - 183 Old Tappan Road, Ground Floor, Old Tappan, NJ 07675;

      g. "Patrizia's" - 28 Broad St., Ground Floor, Red Bank, NJ 07701;

      h. "Patrizia's" - 1901 Emmons Avenue (Located on East 19th), Ground Floor, Brooklyn, NY 11235;

      i. "Patrizia's" - 4255 Amboy Road, Ground Floor, Staten Island, NY 10308;

      j. "Patrizia's" - 3883 East Tremont Ave., Ground Floor, Bronx, NY 10465;

      k. "Patrizia's" - 35 Broadway, Ground Floor, Brooklyn, NY 11249; and

      l. "Patrizia's" - 4358 Katonah Ave, Ground Floor, Bronx, NY 10470 (collectively the "Restaurants").

18.     Corporate Defendants, PATRIZIA'S RESTAURANT GROUP LLC d/b/a PATRIZIA'S, PATRIZIA OF LONG ISLAND INC. d/b/a PATRIZIA'S, PATRIZIA OF LONG ISLAND 2 LLC d/b/a PATRIZIA OF LONG ISLAND, PATRIZIA'S OF MASPETH LLC d/b/a PATRIZIA'S, PATRIZIA'S OF 2ND AVENUE LLC d/b/a PATRIZIA'S,

PATRIZIAS OF STATEN ISLAND LLC d/b/a PATRIZIAS OF STATEN ISLAND, FAMILY GROUP ENTERPRISES, INC. d/b/a PATRIZIA PIZZA & PASTA, SPM GROUP, LLC d/b/a PATRIZIA'S OF LONG ISLAND, operate the Restaurants as a single integrated enterprise, under the control of their owners, Individual Defendants GENNARO ALAIO and GIACOMO ALAIO. Individual Defendants, GENNARO ALAIO and GIACOMO ALAIO, own and operate each Corporate Defendant. Specifically, the Restaurants are engaged in related activities, share common ownership and have a common business purpose:

a. All the Restaurants have been founded, owned and operated as a family business for over twenty five (25) years by Individual Defendants, GENNARO ALAIO and GIACOMO ALAIO, who are brothers. *See* Exhibit A for a brief history of the Restaurant.

b. All the Restaurants use a central marketing department.

c. All the Restaurants receive legal advice from the General Counsel of Patrizia's corporate headquarters, who oversees legal compliance for all the Restaurants.

d. All paychecks of Restaurant employees are issued through the payroll department of Patrizia's corporate headquarters.

e. Prior to opening, all new Patrizia's Restaurants must be approved by Individual Defendants, GENNARO ALAIO and GIACOMO ALAIO.

f. All the Restaurants share the same brand name with the same logo (Patrizia's) and are marketed jointly on one (1) common website: www.patrizias.com/ ("Website"). *See* Exhibit B for the Restaurants' brand name and logo on the Website.

g.  All the Restaurants' locations and hours of operation are exhibited on the Website. *See* Exhibit C for the locations and hours of operation.

h.  All the Restaurants share a common "Contact Us" webpage on the Website, where the contact information of all twelve (12) locations are listed. On the same webpage, all the Restaurants share one (1) common form where questions can be submitted about any of the twelve (12) Restaurants. *See* Exhibit D for the "Contact Us" webpage on the Website.

i.  All the Restaurants' menus—which share similar Neapolitan dishes at similar prices—are exhibited on the Website.

j.  All the Restaurants share a common look and feel that have been inspired by the Neapolitan culture of Italy.

k.  All the Restaurants offer their venues for private parties and events on the Website, and some of the Restaurants offer catering on the Website. Catering options include half tray and full tray, where the portions and prices are similar between the Restaurants. *See* Exhibit E for private events and catering options of some of the Restaurants.

l.  All the Restaurants use the same brand and logo on their separate Facebook, Twitter, Instagram, and other social media accounts, and in some cases, they share one (1) same account. *See* Exhibit F for Patrizia's Instagram account, which advertises multiple locations in Manhattan, Brooklyn, Queens, Staten Island, Bronx, Long Island, and New Jersey.

m.  All the Restaurants jointly sell one (1) common gift card that is available for use at any of the twelve (12) locations. *See* Exhibit G for a sample gift card of Patrizia's.

n.  Ten (10) of the twelve (12) Restaurants allow online ordering, as indicated on the Website. *See* Exhibit H for the ten (10) Patrizia's locations that receive online orders.

o.  The Restaurants regularly share and exchange non-exempt employees, who are interchangeable among the Restaurants. Defendants require employees to work at Restaurant locations different from their primary place of employment on special occasions (e.g., parties or private events) whenever one (1) location is short-staffed. Defendants, on occasion, transfer employees between different locations based on their own business needs.

p.  Employees were regularly required to transport items between Restaurant locations, in accordance with the directives of central management, including the Individual Defendants, GENNARO ALAIO and GIACOMO ALAIO.

19.     Although Plaintiff did not work at all of Defendants' Restaurants, **all** of the Restaurants are appropriately named in this Complaint through the relevant Corporate Defendants described above. Because the Restaurants share identical illegal wage and hour policies, the Restaurants and the relevant Corporate Defendants are properly named on the basis of their outstanding liability to the Class members for whom Plaintiff seeks to represent.

20.     Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

21.     At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members were directly essential to the businesses operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

22.     Plaintiff bring claims for relief as a collective action pursuant to FLSA Section l 6(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, (including but not limited to delivery persons, waiters, servers, hosts, bartenders, barbacks, bouncers, porters, runners, busboys, food preparers, cooks, and dishwashers) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

23.     At all relevant times, Plaintiff and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper minimum wage and the proper overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of other FLSA Collective Plaintiffs.

24.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

25.     Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all non-exempt employees, (including but not limited to delivery persons, waiters, servers, hosts, bartenders, barbacks, bouncers, porters, runners, busboys, food preparers, cooks, and dishwashers) employed by Defendants at the Restaurants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

26.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the title of the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under FRCP 23.

27.     The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

28.     Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to Defendants' corporate practices of (i) failing to pay the proper wages, (ii) failing to pay overtime premium at the rate of

one and one half times the regular rate for work in excess of forty (40) hours per workweek, (iii) failing to pay spread of hours premium, (iv) failing to provide Class members with proper wage statements with every payment of wages, and (v) failing to properly provide wage notices to Class members, at date of hiring and dates of all wage changes, per requirements of the NYLL.

29.     Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

30.     Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation, and have previously represented plaintiffs in wage and hour cases.

31.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation

claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

32.     Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

33.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendants employed Plaintiff and the Class members within the meaning of the New York law;

b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay Plaintiff and the Class members;

c)  At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and the Class members for their work;

d)  Whether Defendant properly notified Plaintiff and the Class members of their hourly rates and overtime rates;

e)  Whether Defendants properly compensated Plaintiff and Class members the proper overtime compensation under the NYLL;

f)  Whether Defendants paid Plaintiff and Class members their spread of hours premium for days worked in excess of ten (10) hours per workday;

g)  Whether Defendants provided proper wage notice, at date of hiring and dates of all wage changes thereafter, to all non-exempt employees per requirements of the NYLL; and

h)  Whether Defendants provided proper wage statements for each pay period to Plaintiff and Class members, and whether those wage statements properly stated Plaintiffs' overtime compensation and spread of hours in accordance with the NYLL.

**STATEMENT OF FACTS**

34.     In or around September 2019, Plaintiff ALFONSO CHAVEZ was hired by Defendants to work as a food preparer and cook for Defendants' PATRIZIA'S, located at 358 Vanderbilt Motor Pkwy, Hauppauge, NY 11788. Defendant's employment was terminated in or around December 2019 by managers Jerry (Last Name Unknown, "LNU" herein) and Antonio (LNU).

35. Throughout his employment, Plaintiff CHAVEZ was scheduled to work Tuesdays, Wednesdays, Thursdays, and Sundays from 11:00 a.m. to 10:00 p.m., in addition to Fridays and Saturdays, from 11:00 a.m. to 11:00 p.m., for a total of sixty eight (68) hours per week.

36. Throughout his employment, Plaintiff CHAVEZ was paid a fixed salary of one thousand and two hundred ($1,200) dollars per week. This fixed salary was equivalent to thirty ($30) dollars per hour. Throughout his employment, Plaintiff CHAVEZ was paid in a combination of cheque and cash, the determination of which was under complete control by the Defendants. Defendants paid Plaintiff sixty one (61) hours of compensation in cheque and the remaining in cash, for a total of one thousand and two hundred ($1,200) dollars every week. As a result, Plaintiff's wage statements—prepared by Defendants—improperly recorded sixty one (61) hours only, and failed to show the seven (7) hours for which he was entitled to receive overtime compensation. Specifically, on the improper wage statements, ".00" in the minutes section within the number of hours worked is a clear indication that Defendants manipulated the hours worked, in order to fit their fixed salary scheme. FLSA Collective Plaintiffs and Class members were similarly paid on a fixed salary basis in a combination of cheque and cash, the proportion of which was manipulated by Defendants at their sole discretion.

37. Throughout Plaintiff CHAVEZ's employment, he was paid a fixed weekly salary, regardless of how many hours he worked each workweek. However, there was never any agreement that Plaintiff CHAVEZ's fixed weekly salary was intended to cover the overtime hours in excess of forty (40) that he worked. FLSA Collective Plaintiffs and Class members were similarly paid on an fixed salary basis and were not compensated their overtime premium of time

and a half for all hours worked over forty (40), even though there was never any agreement that their fixed salaries would cover overtime.

38.     Throughout Plaintiff CHAVEZ's employment, Plaintiff CHAVEZ worked in excess of ten (10) hours every workday, but he was not compensated his spread of hours premium. Defendants' failure to compensate Plaintiff for his spread of hours is a direct result of Defendants' fixed salary manipulation, as noted above. Although Plaintiff was never actually paid for his spread of hours, Defendants improperly indicated spread of hours on Plaintiff's wage statements, specifically in the course of their fixed salary manipulation and cash-infused compensation schemes. FLSA Collective Plaintiffs and Class members worked similar hours that regularly exceeded ten (10) per day and were not compensated their spread of hours premium.

39.     Plaintiff CHAVEZ and Class members did not receive wage statements that were in compliance with the NYLL. Defendants failed to satisfy the requirements under the NYLL because they failed to provide proper wage statements for each payment period. In other words, Plaintiff and Class members did not receive proper wage statements, as their statements failed to accurately reflect the number of hours worked and their proper compensation.

40.     Defendants failed to provide Plaintiff CHAVEZ and the Class members with wage notices at hiring and at dates of all wage changes thereafter. Plaintiff did not receive wage notices either upon being hired or upon wage changes since the date of hiring in violation of the NYLL.

41.     Defendants knowingly and willfully operated their business with a policy of not paying the proper overtime rate for hours worked in excess of forty (40) in each workweek, to Plaintiff, FLSA Collective Plaintiffs and Class members.

42.     Defendants knowingly and willfully operated their business with a policy of not paying spread of hours premiums to Plaintiff and Class members, in violation of the NYLL.

43.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the NYLL.

44.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices to employees, at the beginning of employment and at dates of all wage changes thereafter, pursuant to the requirements of the NYLL.

45.     Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

46.     Plaintiff ALFONSO CHAVEZ realleges and reavers Paragraphs 1 through 45 of this class and collective action Complaint as if fully set forth herein.

47.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).  Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

48.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

49.     At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.

50.     At all relevant times, Defendants had a policy and practice of failing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for hours worked in excess of forty (40) hours per workweek.

51.     Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

52.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

53.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

54.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime, plus an equal amount as liquidated damages.

55.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## <u>VIOLATION OF THE NEW YORK LABOR LAW</u>

56.     Plaintiff ALFONSO CHAVEZ realleges and reavers Paragraphs 1 through 56 of this class and collective action Complaint as if fully set forth herein.

57.     At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the NYLL, §§2 and 651.

58.     Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours each workweek.

59.     Defendants willfully violated Plaintiff and Class members' rights by failing to pay "spread of hours" premiums to them for each workday that exceeded ten (10) or more hours.

60.     Defendants failed to properly notify employees of their overtime pay rate, in direct violation of the NYLL.

61.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required by the NYLL. Defendants are required to provide accurate and proper information on wage statements issued to employees in accordance with the NYLL. Defendants failed to satisfy the requirements under the NYLL because they did not accurately state the correct hourly rate, correct overtime rate, correct spread of hours rate, and all hours worked.

62.     Defendants knowingly and willfully operated their business with a policy of not providing all non-exempt employees with proper wage notices, at date of hiring and at dates of all wage changes thereafter, as required under the NYLL.

63.     Due to the Defendants' NYLL violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid overtime, spread of hour premiums, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to NYLL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b.  An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.  An award of unpaid overtime due under the FLSA and the NYLL;

d.  An award of unpaid spread of hours premiums due under the NYLL;

e.  An award of statutory penalties as a result of Defendants failure to comply with NYLL wage notice and wage statement requirements;

f.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wage and overtime compensation, pursuant to 29 U.S.C. § 216;

g.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wage and overtime compensation pursuant to the NYLL;

h.  An award of pre-judgment and post-judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

i.  Designation of Plaintiff as a Representative of the FLSA Collective Plaintiffs;

j.  Designation of this action as a Class Action pursuant to FRCP 23;

k.  Designation of Plaintiff as a Representative of Class; and

l.   Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: March 18, 2020

Respectfully submitted,
By: ___/s/ C.K. Lee_____
     C.K. Lee, Esq.

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiff and the Class*