

179 WESTBURY AVENUE, CARLE PLACE, NEW YORK 11514   PHONE (516)334-4500   FAX (516)334-4501   WWW.SOKOLOFFSTERN.COM

ADAM I. KLEINBERG
AKLEINBERG@SOKOLOFFSTERN.COM

August 5, 2020

Via ECF
Honorable Joan M. Azrack
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

                Re: *Chavez et al v. Patrizia's Restaurant Group LLC et al*
                   Docket No. 2:20-cv-01430 (JMA) (ST)

Your Honor:

      This firm represents all defendants. We write to request a pre-motion conference to move to dismiss the complaint under Fed. R. Civ. P. 12(b)(1) and (6) and to compel arbitration of plaintiff's dispute.

      From August 26, 2019 to December 8, 2019, plaintiff Alfonso Chavez worked for Patrizia's Restaurant Group, LLC. That corporate entity owns and operates an Italian restaurant in Hauppauge, NY called Patrizia's of Hauppauge. During his approximate 3 months of employment, plaintiff did not work for the other corporate defendants at any other of the individually-owned Patrizia's restaurants.

      Plaintiff alleges defendants failed to pay proper wages, including overtime and spread of hours premiums. Plaintiff also claims defendants failed to provide proper wage statements and wage notices under the New York Labor Law.

      The Court should dismiss this case based on an arbitration agreement signed by plaintiff on September 4, 2019 (the "Agreement"). Under the Agreement, plaintiff agreed that disputes under, *inter alia*, the Fair Labor Standards Act and the New York Labor Law must be resolved by binding arbitration. Yet, on April 1, 2020, plaintiff filed this lawsuit. We seek dismissal of this action and to compel plaintiff to resolve any dispute through binding arbitration.

**1)    Plaintiff Agreed to Be Bound by Arbitration**

      At the outset of plaintiff's employment, the parties agreed in writing to arbitrate claims such as those asserted in this action. In considering such an agreement, courts will consider the scope of the agreement and whether Congress intended the claims to be nonarbitrable. *See JLM Indus., Inc. v. Stolt-Nielsen SA*, 387 F.3d 163, 179 (2d Cir. 2004).

The United States Supreme Court has held that arbitration agreements should be enforced according to their terms unless expressly overridden by a contrary Congressional command. *See CompuCredit Corp. v. Greenwood*, 565 U.S. 95, 98 (2012). The Second Circuit has found no such Congressional intent to warrant the rejection of an FLSA class action waiver. *See Sutherland v. Ernst & Young LLP*, 726 F.3d 290, 295-96 (2d Cir. 2013) (quoting *Shearson/American Express Inc. v. McMahon*, 482 U.S. 220, 226 (1987)). The Second Circuit further held that a companion claim under the New York Labor Law is also subject to a such a waiver. *Sutherland*, 726 F.3d at 292, n. 1 (*citing AT&T Mobility LLC v. Concepcion*, 131 S.Ct. 1740 (2011)).

It follows that it is well-settled that FLSA and NYLL claims are subject to mandatory arbitration clauses. *See e.g. Rodriguez Depena v. Parts Auth. Inc.*, 877 F.3d 122, 124 (2d Cir. 2017). Even a claim of a limited ability to read English does not void an employee's obligations under such an arbitration agreement. *Id.* at 124 (2d Cir. 2017).

Here, the Agreement contains a "Class and Collective Action Waiver" clause. Plaintiff agreed not to bring any action on behalf of a class or on a collective basis. The Agreement also mandates all claims for compensation, minimum wage, overtime, breaks and rest periods, whether under or FLSA and New York Labor Law, to be submitted to binding arbitration.

The Agreement covers all claims asserted by plaintiff in this action. Therefore, the Agreement should govern all of plaintiff's claims and this case should be dismissed and plaintiff can arbitrate any disputes. (We note that we have provided plaintiff's counsel with copies of a New York Wage Theft Prevention Act notice and detailed pay stubs that comply with the applicable law.)

**2)      Defendants Have Not Waived the Right to Arbitrate**

"[T]here is a strong presumption in favor of arbitration and that waiver of the right to arbitration is not to be lightly inferred." *Coca-Cola Bottling Co. v. Soft Drink & Brewery Workers Union Local 812, Intl Bhd. of Teamsters*, 242 F.3d 52, 57 (2d Cir. 2001). Courts will consider these factors to determine if defendants have waived their rights to arbitration: "(1) the time elapsed from when litigation was commenced until the request for arbitration; (2) the amount of litigation to date, including motion practice and discovery; and (3) proof of prejudice." *La. Stadium & Exposition Dist. V. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 626 F.3d 156, 159 (2d Cir. 2010).

Plaintiff filed this complaint with the Court on April 1, 2020. To date, the parties have not commenced motion practice or served discovery demands/responses. Plaintiff would not be

prejudiced, because the parties have not engaged in "protracted litigation." *Tech. in P'ship, Inc. v. Rudin*, 835 F. App'x 38, 30 (2d Cir. 2013). Thus, defendants have not waived the rights to arbitrate.

     Thank you for the consideration of this matter.

Respectfully submitted,

SOKOLOFF STERN LLP

ADAM I. KLEINBERG

cc: All counsel of record (via ECF)